|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

### CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 12-5818-JFW (MRWx)** | Date: August 17, 2012 |
| Title: | Herminia Rodriguez, et al. -v- Equinox Fitness Century City, Inc., et al. | |

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT

    On June 1, 2012, Plaintiff Herminia Rodriguez and Hilaria Rodriguez ("Plaintiffs") filed their First Amended Complaint against Defendants Equinox Fitness Century City, Inc., Equinox Fitness Newport Beach, Inc., Equinox Fitness Palo Alto, Inc., Equinox Fitness Palos Verdes, Inc., Equinox Fitness Pasadena, Inc., Equinox Fitness San Mateo, Inc., Equinox Fitness South Bay, Inc., Equinox Fitness Westwood, Inc., Equinox Fitness Woodland Hills, Inc., Equinox Sports Club SF, Inc., Equinox West Hollywood, Inc., Equinox Holdings, Inc., and Equinox Group, Inc. ("Defendants") in Los Angeles County Superior Court. On July 5, 2012, Defendant Equinox Holdings, Inc. filed a Notice of Removal of Action ("Notice of Removal").

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendant Equinox Holdings, Inc. bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

    "A civil action in state court may be removed to federal district court if the district court has 'original jurisdiction' over the matter." *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). Under CAFA, a federal district court has subject matter jurisdiction over a class

action in which: (1) there are 100 or more proposed class members; (2) at least some of the members of the proposed class have a different citizenship from the defendant; and (3) the aggregated claims of the proposed class members exceed the sum or value of $5,000,000.  *See* 28 U.S.C. § 1332(d).  "'[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction.'" *Lowdermilk v. U.S. Bank National* Ass'n, 479 F.3d 994, 997 (9th Cir. 2007) (quoting *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir.2006) (per curiam)).

In their Complaint, Plaintiffs do not specify the amount of damages sought by the proposed class members.  In its Notice of Removal, Equinox Holdings, Inc. alleges that the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  However, to meet its burden, "defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the jurisdictional threshold]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  The defendant is not required to "research, state, and prove the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F.Supp.2d 1141, 1147–48 (C.D. Cal. 2010) (*quoting Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, *2 (E.D. Cal. April 30, 2007)).  However, a Court "cannot base [a finding of] jurisdiction on a [d]efendant's speculation and conjecture." *Lowdermilk*, 479 F.3d at 1002. " Instead, a defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) (*citing Gaus*, 980 F.2d at 567).

In this case, Defendant Equinox Holdings, Inc.'s calculations of the amount in controversy in its Notice of Removal are based largely on several assumptions that are neither explained nor supported by evidence, such as that each and every class member missed five meal and rest periods per week for every single week in the class period, that Defendants failed to provide accurate wage statements for each and every class member during every single pay period, and that attorneys' fees constitute at least 25% of the penalties.  However, Plaintiffs' Complaint does not provide clear support for these assumptions. Calculations of wage and hour claims using assumed variables where the Complaint does not provide a basis for a clear calculation "improperly shift[s] the burden to plaintiff to refute speculative assertions of jurisdiction" and ignores "'the strong presumption' against removal jurisdiction." *Roth v. Comercia Bank*, 799 F.Supp. 2d 1107, 1129 (C.D. Cal. 2010).  Accordingly, the Court finds that Defendant has failed to establish by a preponderance of the evidence that the amount in controversy is satisfied..

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action.  Accordingly, this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).[1]

IT IS SO ORDERED.

---

[1] The Court notes, that after jurisdictional discovery, this action would likely be remanded under 28 U.S.C. § 1332(d)(4).